UNITED STATES DISTRICT COURT

Northern District of California

San Francisco Division

| | |
|---|---|
| MICHAEL ANDEREGG, | No. C 12-04136 LB |
| Plaintiff, | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| GMAC MORTGAGE, et al., | [Re: ECF No. 11] |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Michael Anderegg, who is proceeding *pro se*, filed the instant complaint against defendants GMAC Mortgage ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"),"all persons claiming by, through, or under such person, all persons unknown, claiming any legal or equitable title estate, lien, or interest in the property described in the complaint adverse to Plaintiff[']s title thereto," and Does 1-20 (collectively, "Defendants") on August 6, 2012. Complaint, ECF No. 1 at 1.[1]  Mr. Anderegg alleges that "Defendants" committed a number of legal violations in relation to the securitization and transfer of the promissory note and deed of trust related to his home loan. *See generally id*.  Only GMAC and MERS were served with the

---

[1] Citations are to the Electronic Case File ("ECF") with pin cites to the electronic page number at the top of the document, not the pages at the bottom.

complaint, and they now move to dismiss his claims. Motion, ECF No. 11.[2] Upon consideration of the papers submitted and applicable authority, the court **GRANTS** GMAC and MERS's motion to dismiss, **DISMISSES WITH PREJUDICE** Mr. Anderegg's RESPA claim under § 2607 and his TILA claim under § 1641(g), and defers its review of Mr. Anderegg's state law claims. Mr. Anderegg may file a First Amended Complaint within 21 days from the date of this order.[3]

## II. STATEMENT

On June 11, 2007, Mr. Anderegg received from GMAC a $370,000 home loan to finance the purchase of, or to re-finance, property in Livermore, California. *See* Complaint, ECF No. 1, ¶¶ 2, 8, 12, 21; Request for Judicial Notice ("RJN"), ECF No. 12, Ex. 6.[4] In so receiving, Mr. Anderegg

---

[2] Mr. Anderegg and the served Defendants (GMAC, and MERS) consented to the court's jurisdiction. Consent (Mr. Anderegg), ECF No. 4; Consent (GMAC and MERS), ECF No. 9. Because an unserved defendant is not a party under 28 U.S.C. § 636(c), the court may rule on GMAC and MERS's motion to dismiss. *See Ornelas v. De Frantz*, C 00-1067 JCS, 2000 WL 973684, at *2 n.2 (N.D. Cal. June 29, 2000) (citing *Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995)); *cf. United States v. Real Property*, 135 F. 3d 1312, 1316 (9th Cir. 1997) (holding that the consent of an individual who was not a party was not a precondition to the magistrate judge's jurisdiction).

[3] Pursuant to Civil Local Rule 7-1(b), the court finds this matter suitable for determination without oral argument and **VACATES** the December 6, 2012 hearing. Accordingly, Mr. Anderegg's administrative motion to appear by telephone at the hearing is **DENIED** as moot. *See* Mr. Anderegg's Administrative Motion to Appear by Telephone, ECF No. 18.

[4] GMAC and MERS ask that the court take judicial notice of the following documents: (1) a grant deed recorded with the Alameda County Recorder's Office on May 28, 1998; (2) a deed of trust recorded with the Alameda County Recorder's Office on May 28, 1998; (3) a short form deed of trust recorded with the Alameda County Recorder's Office on July 29, 1998; (4) a deed of trust recorded with the Alameda County Recorder's Office on September 12, 2002; (5) a deed of trust and assignment of rents recorded with the Alameda County Recorder's Office on September 12, 2002; (6) a promissory note dated June 11, 2007 that refers to the property at issue in this case and is signed by Mr. Anderegg and Paula Anderegg; and (7) a deed of trust recorded with the Alameda County Recorder's Office on July 11, 2007 and that is dated June 11, 2007, refers to the property at issue in this case, and signed by Mr. Anderegg and Paula Anderegg. RJN, ECF No. 12, Exs. 1-7.

The court may take judicial notice of matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001). Because Exhibits 1 through 5 and Exhibit 7 are public records, the court takes judicial notice of the undisputable facts contained in them. *See Hotel Employees & Rest. Employees Local 2 v. Vista Inn Mgmt. Co.*, 393 F. Supp. 2d 972, 978 (N.D. Cal. 2005); Fed. R.

executed a promissory note that is secured by a deed of trust. Complaint, ECF No. 1, ¶ 21; RJN, ECF No. 12, Exs. 6, 7. MERS is the beneficiary of the deed of trust. Complaint, ECF No. 1, ¶ 11; RJN, ECF No. 12, Ex. 7. GMAC "paid to brokers and lenders" impermissible yield spread premium ("YSPs") with respect to his loan. Complaint, ECF No. 1, ¶¶ 99, 101, 102.

At or about the time that he executed the promissory note, GMAC "sold, assigned and/or transferred its ownership interest" in the promissory note to a "sponsor," which thereafter "sold" that ownership interest in the promissory note to a "depositor." *Id*., ¶ 21. Then, the ownership interest in the promissory note was "sold" to a Real Estate Mortgage Investment Conduit Trust ("REMIC Trust"). *Id*., ¶¶ 10, 21. Finally, the REMIC Trust "may have sold" the ownership interest in the promissory note to a "third party and/or additional parties." *Id*., ¶ 25.

Despite the transfer of the ownership interest in promissory note, GMAC never properly transferred the "physical" promissory note to the sponsor, depositor, REMIC Trust, or any other party, and none of them can establish possession and/or proper transfer and/or endorsement" of the promissory note. *Id*., ¶¶ 23, 24. Moreover, Mr. Anderegg never received proper notification that these transfers of the ownership interest in the promissory note were made. *Id*., ¶ 111. GMAC also "never assigned the beneficial ownership" of the deed of trust to any party. *Id*., ¶ 21.

In addition to the transfers of the ownership interest in the promissory note, Mr. Anderegg's "loan" was "securitized" and put into a "Securitized Trust" (it is unclear whether this is the same as the REMIC Trust), but the transfer and assignment of the loan was done in violation of the Pooling and Serv[ic]ing Agreement ("PSA") relating to the Securitized Trust. *Id*., ¶¶ 32-36. Moreover, the "assignments and transfers of [Mr. Anderegg's] debt or obligation did not comply with New York law, and/or other laws and statutes, and, thus, do not constitute valid and enforceable 'True Sales.'" *Id*., ¶ 42.

As a result of these transfers and the securitization of the promissory note, Mr. Anderegg

---

Evid. 201(b); *see also Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 256, 264-67 (2011). And although Exhibit 6 (the promissory note) is not a public record, the court takes judicial notice of it because it is a document whose authenticity is not challenged and Mr. Anderegg's complaint relies upon it. *See Knievel v. ESPN*, 393 F.3d 1068, 1076-77 (9th Cir. 2005). In such a situation, the court may do so without converting a motion to dismiss into a motion for summary judgment. *See id*.

contends that: Defendants are "estopped and precluded from asserting an unsecured claim against [his property]"; no party has a perfected "claim of title" or security interest in the property and thus cannot foreclose on his property (even though, the court notes, Mr. Anderegg does not allege that foreclosure proceedings have been instituted); GMAC Mortgage was "paid in full" when it sold its ownership interest in the promissory note to the sponsor; the deed of trust is "invalid" and "legally void" because it has been separated from the promissory note; MERS "does not have the legal right to substitute in a new Trustee for the Deed of Trust or mortgage instrument since only the only owner of the Note has that power" and MERS "has never been given any written instructions by the current owners of the Note" to do so. *Id*., ¶¶ 4, 21, 25, 26, 28(h).

Finally, Mr. Anderegg alleges that MERS changed its name to MERSCORP, Inc. on May 12, 2003, it "is not legally entitled to transact any business" in California and "cannot assign legal interests or in any way participate in the foreclosure of any properties." *Id*., ¶ 31.

Based on these allegations, Mr. Anderegg alleges the following claims against Defendants: (1) wrongful foreclosure; (2) fraud; (3) quiet title; (4) declaratory relief; (5) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 1201 et seq.; and (6) violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq. *Id*., ¶¶ 55-112.

On September 21, 2012, GMAC and MERS filed a motion to dismiss Mr. Anderegg's claims. Motion, ECF No. 11. Mr. Anderegg filed an opposition, and GMAC and MERS filed a reply. Opposition, ECF No. 13; Reply, ECF No. 14.

## III. ANALYSIS

### A. Legal Standard

A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 557). "While a complaint

attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id*. at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles County*, 487 F.3d 1246, 1249 (9th Cir. 2007).

If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Cook, Perkiss and Liehe, Inc. v. Northern Calif. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)). But when a party repeatedly fails to cure deficiencies, the court may order dismissal without leave to amend. *See Ferdik v.Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (affirming dismissal with prejudice where district court had instructed pro se plaintiff regarding deficiencies in prior order dismissing claim with leave to amend).

## B. Mr. Anderegg's Federal Claims

The court first will address Mr. Anderegg's two federal claims, as they provide the basis for federal subject-matter jurisdiction. *See* Complaint, ECF No. 1, ¶ 17.[5]

### 1. RESPA

RESPA protects home buyers "from unnecessarily high settlement charges by certain abusive practices." 12 U.S.C. § 2601(a). It provides plaintiffs with a private right of action for three types

---

[5] Mr. Anderegg asserts that federal subject-matter jurisdiction exists because his complaint presents federal questions. *See* Complaint, ECF No. 1, ¶ 17. He says that these federal questions arise pursuant to RESPA, TILA, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639, and the Home Owners' Loan Act, 12 U.S.C. § 1461 et seq., as well as a federal criminal statute, 18 U.S.C. § 1006. *See id*. The only federal claims that Mr. Anderegg brings, however, are for violation of RESPA and TILA. *See id*., ¶¶ 55-112.

of wrongful acts: "(1) payment of a kickback and unearned fees for real estate settlement services, 12 U.S.C. § 2607(a), (b); (2) requiring a buyer to use a title insurer selected by a seller, 12 U.S.C. § 2608(b); and (3) the failure by a loan servicer to give proper notice of a transfer of servicing rights or to respond to a qualified written request for information about a loan, 12 U.S.C. § 2605(f)." *Choudhuri v. Wells Fargo Bank, N.A.,* No. C 11-00518 SBA, 2011 WL 5079480, at *8 (N.D. Cal. Oct. 25, 2011) (citing *Patague v. Wells Fargo Bank, N.A.,* No. C 10-03460 SBA, 2010 WL 4695480, at *3 (N.D. Cal. Nov. 8, 2010)).

Mr. Anderegg alleges that Defendants committed the first type of RESPA violation.[6] Specifically, he alleges that GMAC "paid to brokers and lenders a YSP on [his] loans and no Defendant offered [him] lower upfront fees for this YSP payment. On the contrary, Defendants implemented their fraud scheme against [him] and placed [him] into a more expensive loan th[a]n [he] was in prior to meeting Defendants or should have been placed based upon [his] credit score and income." Complaint, ECF No. 1, ¶ 99.[7]

Defendants argue that Mr. Anderegg's RESPA claim under § 2607 is time-barred, and Mr. Anderegg does not challenge this argument in his opposition. Motion, ECF No. 11 at 12; *see generally* Opposition, ECF No. 13. Under RESPA, claims brought under § 2607 are subject to a one-year statute of limitation. 12 U.S.C. § 2614. Thus, where a plaintiff alleges that a defendant charged unlawful yield spread fees, he or she must initiate suit within one year of the alleged violation. Based on the promissory note and deed of trust submitted by GMAC and MERS, Mr. Anderegg's home loan closed on June 11, 2007. RJN, ECF No. 12, Exs. 6, 7. This is the date when the allegedly unlawful yield spread fees would have been charged, but he did not file suit until August 2012, roughly five years later. Thus, from the face of Mr. Anderegg's complaint and the

---

[6] 12 U.S.C. § 2607(a) prohibits the acceptance of "any fee, kickback, or thing of value pursuant to any agreement or understanding, oral or otherwise, that business incident to or a part of a real estate settlement service involving a federally related mortgage loan shall be referred to any person."

[7] In his opposition, Mr. Anderegg suggests that he also brings a claim for a violation of the third type of RESPA violation. *See* Opposition, ECF No. 13 at 9. Such a claim, however, does not appear in his complaint and no allegations suggest it. *See generally* Complaint, ECF No. 1.

promissory note and deed of trust submitted by GMAC and MERS, Mr. Anderegg's RESPA claim under § 2607 indeed is time-barred. And given Mr. Anderegg's failure to dispute this point, his RESPA claim under § 2607 is **DISMISSED WITH PREJUDICE**.

**2. TILA**

TILA aims to "avoid the uninformed use of credit." 15 U.S.C. § 1601(a). It "has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). It "requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635 & 1638).

Mr. Anderegg alleges that "Defendants and each of them have failed to property notify [him] of each . . . transfer of ownership of the original promissory note" in violation of 15 U.S.C. § 1641(g). Complaint, ECF No. 1, ¶ 111.[8] Subsection (g), which was added to § 1641 as part of the Helping Families Save Their Homes Act and which became effective on May 19, 2009, provides in relevant part:

> In addition to other disclosures required by this subchapter, not later than 30 days after the date on which a mortgage loan is sold or otherwise transferred or assigned to a third party, <u>the creditor that is the new owner or assignee of the debt</u> shall notify the borrower in writing of such transfer, including—
>
> (A) the identity, address, telephone number of the new creditor;
>
> (B) the date of transfer;
>
> (c) how to reach an agent or party having authority to act on behalf of the new creditor;
>
> (D) the location of the place where transfer of ownership of the debt is recorded; and
>
> (E) any other relevant information regarding the new creditor.

15 U.S.C. § 1641(g)(1) (emphasis added).

---

[8] In his opposition, Mr. Anderegg suggests that he also brings a claim for violation of 15 U.S.C. § 1641(f)(2). *See* Opposition, ECF No. 13 at 9. Such a claim, however, does not appear in his complaint and no allegations suggest it. *See generally* Complaint, ECF No. 1.

As the statutory language makes clear, § 1641(g) only applies to creditors who are new owners or assignees of mortgage loan. Here, Mr. Anderegg alleges that GMAC is the original owner of the mortgage loan, *see* Complaint, ECF No. 1, ¶ 8, so § 1641(g) does not apply to it. *See Nicosia v. Wells Fargo Bank*, No. C 10–0398 PJH, 2010 WL 4269279, at *2 (N.D. Cal. Oct. 25, 2010) ("As defendant notes, however, 15 U.S.C. § 1641(g) requires notice to be provided to the mortgagee by any 'new' owners or assignees of debt. Defendants are the original owners of the note, and so are not implicated by the statute."). Moreover, Mr. Anderegg alleges that MERS is the beneficiary of the deed of trust, *see id.*, ¶ 11, so § 1641(g) does not apply to it, either. Accordingly, Mr. Anderegg's TILA claim under § 1641(g) is **DISMISSED WITH PREJUDICE**.

### 3. Mr. Anderegg's Suggested Claims under Other RESPA and TILA Provisions

As noted above in Footnotes 7 and 8, although he did not allege them in his Complaint, Mr. Anderegg suggests that he wishes to bring claims under other RESPA and TILA provisions. *See* Opposition, ECF No. 13 at 9. Specifically, he says that he "sought damage claims under . . . RESPA and TILA" against Defendants for their failure to respond to his purported qualified written requests. *Id*. He does not bring these claims, but in light of his statement, the court finds good cause at this time to allow Mr. Anderegg to file a First Amended Complaint to allege them, if he chooses. That said, Mr. Anderegg should consider the point made by GMAC and MERS in their reply about his purported qualified written requests and GMAC's purported responses thereto, *see* Reply, ECF No. 14 at 5, and he should allege the claims only if he can credibly do so. And if he does, he should specify which particular Defendant or Defendants he alleges them against.

### C. Mr. Anderegg's State Law Claims

While courts may exercise supplemental jurisdiction over state law claims "that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), a court may decline to exercise supplemental jurisdiction where it "has dismissed all claims over which it has original jurisdiction," *id*. § 1367(c)(3). Indeed, unless "considerations of judicial economy, convenience[,] and fairness to litigants" weigh in favor of the exercise of supplemental jurisdiction, "a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers v.*

*Gibbs*, 383 U.S. 715, 726 (1966); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity."); *accord City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156 (1997).

Because it is unclear whether Mr. Anderegg can allege a viable federal claim and because this litigation is still at an early stage, the court will defer its review of Mr. Anderegg's state law claims.

## IV. CONCLUSION

Based on the foregoing, the court **GRANTS** GMAC and MERS's motion to dismiss and **DISMISSES WITH PREJUDICE** Mr. Anderegg's RESPA claim under § 2607 and his TILA claim under § 1641(g). The court defers its review of Mr. Anderegg's state law claims.

Mr. Anderegg may file a First Amended Complaint within 21 days from the date of this order.

This disposes of ECF No. 11.

**IT IS SO ORDERED.**

Dated: December 2, 2012

_____
LAUREL BEELER
United States Magistrate Judge